IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40616
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMETT RAY DONIHOO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
(4:01-CR-44-20)
- - - - - - - - - -
November 21, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Emmett Ray Donihoo appeals the district court's application of U.S.S.G. § 2D1.1(b)(1) to increase his offense level for possession of a weapon during and in connection with the drug conspiracy for which he was convicted. He argues that possession of a firearm by George Ruff, a coconspirator, was not foreseeable to him, thus application of § 2D1.1(b)(1) was error.

_____

[*]
Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At sentencing, Sergeant Investigator Donald Fleming of the Texas Department of Public Safety Narcotics testified that during surveillance of the methamphetamine "cook" site, he observed Ruff walking around carrying a sawed-off shotgun in close proximity to Donihoo and the other participants in the cook.  It can fairly be inferred from Donihoo's proximity to Ruff while Ruff carried the sawed-off shotgun that Donihoo was aware of the existence of the shotgun as well as its use during the cook, i.e., in connection with the conspiracy.  Also, Donihoo's admission to the probation officer that he believed Ruff was a "rough type" who had guns made Ruff's carrying of a weapon during the "cook" foreseeable, as did the nature of the activity of "cooking" methamphetamine.  See United States v. Martinez, 808 F.2d 1050, 1057 (5th Cir. 1987). The court's finding that Donihoo's subsequent retraction of his admission was not credible was not clearly erroneous in light of the other evidence presented at sentencing and in the presentence report.  See United States v. Garza, 118 F.3d 278, 285 (5th Cir. 1997).

The district court did not clearly err in applying § 2D1.1(b)(1) to increase Donihoo's sentence.  See id. AFFIRMED.

H:\OPINIONS\02-\02-40616 scr.wpd
4/29/04  10:14 am